UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-22917-CV-WILLIAMS

JAMES WATSON,

    Plaintiff,

v.

LEMONGRASS RPP LLC,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Lisette M. Reid's Report and Recommendation (DE 40) ("***Report***") on Defendant Lemongrass Rpp LLC's ("***Defendant***") Motion to Dismiss (DE 20) ("***Motion***").[1] In the Report, Magistrate Judge Reid recommends that the Court deny Defendant's Motion. (DE 40 at 1.) Defendant filed Objections to the Report. (DE 43.)

**I.   BACKGROUND**

Plaintiff James Watson ("***Plaintiff***") brings this case against Defendant under Title III of the Americans with Disabilities Act of 1990 ("***ADA***"), alleging that Defendant's mobile website fails to comply with the ADA. (DE 12.) Defendant moves to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim. (DE 20.) Defendant argues, in relevant part, that Plaintiff has no standing to bring suit under the ADA because he has not established an injury-in-fact and that Plaintiff cannot establish

---

[1] On January 9, 2023, the Court referred Defendant's Motion to Dismiss to Judge Reid for a report and recommendation. (DE 22.)

a prima facie case under the ADA because he was not denied "full and equal use." (*Id.*) Also, Defendant asserts that "the website is now fully compliant with Title III of the ADA." (*Id.* at 14–15.) In the Report, Judge Reid recommends that the Court deny the Motion to Dismiss because Plaintiff sufficiently established standing to seek injunctive relief and adequately stated a claim of an ADA Title III violation. (DE 40.)

## II. DISCUSSION

Defendant's main objections are that, in the Report, Judge Reid failed to consider Defendant's factual challenge to subject matter jurisdiction and the finding that there is facial standing is erroneous; and that Judge Reid failed to consider that "there is no testimony from the Plaintiff that the Plaintiff has ever tried to access the website since the one time Plaintiff did so well before suit was filed." (DE 43.) Additionally, Defendant argues that Judge Reid erroneously relied on the Amended Complaint when the initial Complaint controls for a standing analysis. (*Id.*) Even to the extent that Defendant's objections may have some merit, the Court's conclusion is the same as Judge Reid's: Defendant's Motion to Dismiss should be denied.

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1232–33 (citation omitted). "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or

testimony." *Id.* at 1233 (citation omitted). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists" by a preponderance of the evidence. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002); *Eldridge v. Pet Supermarket Inc.*, 446 F. Supp. 3d 1063, 1067 (S.D. Fla. 2020). When subject matter jurisdiction is predicated on factual attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981)).

Judge Reid was correct in her conclusion that "Plaintiff has sufficiently established standing to seek injunctive relief." (DE 40 at 6.) As explained in the Report, Plaintiff alleges "(1) an 'injury in fact' that is both 'concrete and particularized' and 'actual or imminent,'[2] (2) a 'casual connection between the injury and the conduct complained of,' and (3) an injury that is 'likely' to be "redressed by a favorable decision." (DE 40 at 4–5 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted)).) Additionally, Plaintiff sufficiently satisfies the factors for standing set forth in *Houston v. Marod Supermarkets*. (DE 40 at 5–10.)

---

[2] Yesterday, the Eleventh Circuit vacated its opinion in *Laufer v. Arpan LLC*, 29 F.4th 1268 (11th Cir. 2022) due to an issue of mootness unrelated to the instant matter. *Laufer v. Arpan LLC*, No. 20-14846, 2023 WL 5209551 (11th Cir. Aug. 15, 2023). Nevertheless, the Court does not believe this development divests Plaintiff of standing or invalidates the Report. In the Report, Judge Reid specifically states that "*Laufer* is . . . distinguishable" and that "while *Laufer* provides some guidance, this Court must consider other factors in determining whether Plaintiff has shown future injury." (DE 40 at 7.) Moreover, *Sierra v. City of Hallandale Beach*, 996 F.3d 1110 (11th Cir. 2021), *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), *Gomez v. Miami Int'l Univ. of Art & Design, Inc.*, 2022 WL 1773883, at *1 (S.D. Fla. June 1, 2022), and other decisions cited in the Report remain good law within this Circuit.

Defendant's objections to these findings are unpersuasive. First, Defendant seemingly ignores binding and persuasive case law within this Circuit, and instead relies on case law from other jurisdictions. (DE 43 at 6.) Additionally, Defendant erroneously contends that Judge Reid "misapplied" the *Houston* factors. (*Id.* at 7.) Rather, it is Defendant who misapplied the factors. As conceded in the Report, "the *Houston* factors . . . do not fit comfortably with cases involving inaccessible websites . . . and courts must consider the totality of the circumstances." (DE 40 at 9 (citing *Gomez*, 2022 WL 1773883, at *3.) Consequently, Judge Reid considered multiple factors, including Plaintiff's allegations that he will return to the website monthly, Plaintiff's stated purpose for accessing the website, the effect on Plaintiff considering his inability to access the website, and the distance from Plaintiff's home to the Defendant restaurant. (*Id.* at 8–10.) Thus, viewing the totality of the circumstances, Judge Reid concluded that Plaintiff adequately alleged standing at this stage of the proceeding.[3] (*Id.* at 10.)

Next, Defendant argues that Judge Reid improperly conducted a *facial* analysis of standing where a *factual* analysis of standing was appropriate. (DE 43 at 4.) Defendant contends that had Judge Reid considered Defendant's factual attack on standing she would have concluded that the "suit is moot, because there are no current sections of the website that are noncompliant." (*Id.*) The Court disagrees. Defendant's assertion that its website is compliant conflicts with Defendant's previous statements regarding compliance and Plaintiff's evidence in opposition. A review of the "material extrinsic from the

---

[3] Defendant argues that Plaintiff has not alleged standing because there is no testimony from Plaintiff that he has tried to access the website since the one time he did so before this lawsuit was filed. (DE 43 at 4, 6.) However, Defendant cites no law in support of this argument. Additionally, this issue is not a factor under *Houston* or other binding precedent.

pleadings" demonstrates that Defendant alternates between the claim that its website was compliant at the time the suit was filed and that the website was fixed after the suit was filed. (*Compare* DE 20-1 at 2 ("www.lemonsgrassasianbistro.com [sic] passed the audit and is in full compliance with Title III of the ADA."), *and* DE 20-2 at 1–2 ("When I learned of the suit, I decided to perform an audit of the website . . . and the AccessiBe audit showed that https://lemongrassasianbistrobocaraton.com passed the audit and is, therefore, according to AccessiBe, in full compliance with Title III of the ADA."), *with* DE 20 at 14 ("the website is **now** fully compliant with Title III of the ADA.") (emphasis added), *and* DE 26 at 3 ("the website was fixed."), *and* DE 43 at 3 ("there are no **current** sections of website noncompliant with the ADA") (emphasis added).)

Defendant's two versions of events conflict with Plaintiff's assertion that, at the time the suit was filed, the website was noncompliant with the ADA and continues to be noncompliant with the ADA. (DE 12[4] (alleging noncompliance with the ADA); DE 36-1 ("On August 15, 2022, I completed the initial audit and provided a report to Mr.

---

[4] Defendant argues that the Report errs by evaluating the Amended Complaint for standing when the original Complaint controls. (DE 43 at 10.) Defendant's argument is incorrect. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (assessing standing requirements based on allegations made at the time the second amended complaint was filed); *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (stating that plaintiff's amended complaint "cured the defect about standing in the original complaint"); *Desue v. 20/20 Eye Care Network, Inc.*, 2022 WL 796367, at *3 (S.D. Fla. Mar. 15, 2022) ("[U]pon examination of the First Amended Complaint, Plaintiffs have satisfied the requirements for Article III standing."). Likewise, parties are able to cure standing deficiencies through an amended complaint. *See Sierra Club v. Morton*, 405 U.S. 727, 735 n.8 (1972) (inviting the party to amend its complaint to better plead standing); *see also Miccosukee Tribe Of Indians Of Fla v. United States*, 574 F. Supp. 2d 1360, 1367 (S.D. Fla. 2008). Thus, to the extent that Defendant is arguing that standing cannot be assessed based on the Amended Complaint, the Court disagrees.

Cunningham, describing barriers that exist at the Defendant's website that prevent access to Defendant's public accommodation. On November 10, 2022, I did a review of Defendant's website to check whether, the issues found on the initial audit that prevent access to Defendant's public accommodation, have been fixed, and found that all five issues from the first audit were still present.").) Because of the discrepancy between Defendant's own allegations and Plaintiff's and Defendant's positions, the Court agrees with Judge Reid's ultimate conclusion that the Amended Complaint should not be dismissed. *Cf. Kennedy v. T Old Town, LLC*, 2018 WL 11222904, at *3 (M.D. Fla. June 1, 2018) (weighing, in mootness analysis, the fact that plaintiff's "response does **not** allege that the Website is currently noncompliant") (emphasis added). Finally, even if Defendant has fixed the noncompliant sections on its website, Plaintiff is seeking an injunction remedying past **and future** noncompliance. (*See* DE 12 ("Plaintiff . . . requests the following injunctive and declaratory relief: . . . The Court enter an Order directing Defendant to continually update and maintain the mobile website to ensure that it remains fully accessible to and usable by visually impaired individuals.").) Because "amending the website to fix ADA violations does not moot the injunction to the extent it seeks to require a party to maintain its website in compliance with the ADA," there still exists a live controversy. *Kennedy v. Floridian Hotel, Inc.*, 2018 WL 10601977, at *3 n. 3 (S.D. Fla. Dec. 7, 2018) (citation omitted); *Haynes v. Hooters of Am., LLC*, 893 F.3d 781, 784 (11th Cir. 2018) ("[E]ven if Hooters' website becomes ADA compliant, Haynes seeks injunctive relief requiring Hooters to maintain the website in a compliant condition. Thus, notwithstanding the fact . . . that the Gomez Settlement Agreement supplies Haynes with much of the relief he requested, there is still a live controversy about whether Haynes can

receive an injunction to force Hooters to make its website ADA compliant or to maintain it as such. Therefore, this case is not moot."). This conclusion is not disturbed by the fact that Defendant allegedly entered into a contract with a third party to keep its website compliant. (*See* DE 43 at 3); *Haynes*, 893 F.3d at 784 ("Hooters' assurance to an unrelated third party to remediate its website does not alone moot Haynes' claims for relief.").

### III. CONCLUSION

Accordingly, upon an independent review of the Report, the record, and applicable law, it is **ORDERED AND ADJUDGED** that:

1. The Report (DE 40) is **AFFIRMED AND ADOPTED.**

2. Defendant's Motion (DE 20) is **DENIED**.

3. Defendant shall file its answer to the Amended Complaint within **fourteen (14) days** of the date of this Order. *See* Fed. R. Civ. P. 12.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 16th day of August, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE